IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALONZO REED,

     Plaintiff,                    No. CIV S-04-1822 LKK DAD P

    vs.

S. PETERSON,                        ORDER AND

     Defendant.               FINDINGS & RECOMMENDATIONS

                              /

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Before the court is plaintiff's third amended complaint, filed on April 27, 2005.[1] The court will recommend that plaintiff's due process, defamation, slander, and libel claims be dismissed. Also, the court will dismiss the third amended complaint and grant plaintiff leave to file a fourth amended complaint limited to plaintiff's retaliation and conspiracy claims.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

---

[1] On September 21, 2004, the court dismissed plaintiff's complaint and granted him leave to file an amended complaint. Plaintiff filed his amended complaint on October 7, 2004, a second amended complaint on March 2, 2005, and a third amended complaint on April 27, 2005. Since the third amended complaint supercedes previously amended complaints, the operative pleading is the third amended complaint filed on April 27, 2005. Plaintiff is cautioned that no additional amended complaints may be filed without leave of court. See Fed. R. Civ. P. 15(a).

1

§ 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff alleges that while he was incarcerated at California State Prison - Sacramento (CSP-Sacramento), defendant correctional officer Peterson violated plaintiff's Fourteenth, Eighth, and Ninth Amendment rights by issuing a false rule violation report for indecent exposure. The rule violation charge was subsequently dismissed at an administrative hearing on July 22, 2004. Plaintiff was informed in the court's September 21, 2004 order "[f]alse accusations of misconduct filed against an inmate do not constitute a deprivation of

2

constitutional rights where the charges are subsequently adjudicated in a fair hearing." Order filed on 9-21-04 at 3. Plaintiff was granted leave to file an amended complaint so that he could provide further allegations as to what procedural protections he was allegedly denied or to otherwise clarify his constitutional claim. In his third amended complaint, plaintiff claims that his due process rights were violated based on defendant Peterson's violation of state regulations prohibiting unethical conduct by state employees. Although states may create liberty interests that are protected by the due process clause, those interests are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). The court finds that no liberty interest was created here by the state employee conduct regulations. Therefore, the court will recommend that this claim be dismissed.

Plaintiff also claims his constitutional rights under the Fourteenth, Ninth and Eighth Amendments were violated by defendant Peterson's defamation, libel, and slander. It appears that plaintiff is claiming that the issuance of an allegedly false rule violation report violates his constitutional rights because his reputation has been injured. In Paul v. Davis, 424 U.S. 693, 712 (1976), the Supreme Court held that any harm or injury to an individual's reputation, even where inflicted by a government official, does not result in a deprivation of "liberty" or "property" and does not invoke the procedural protection of the due process clause. Thus, whatever injury plaintiff suffered due to defendant Peterson's actions, that injury does not rise to one of constitutional dimensions. Therefore, the court will recommend that these claims also be dismissed.

Next, plaintiff claims that defendants O'Brian and Kernan failed to process his inmate grievance concerning defendant Peterson's false report in violation of his due process rights guaranteed under the First, Fourteenth, and Ninth Amendments. (Fourth Am. Compl, ¶¶ 36-37.) "[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), cert. denied, 541 U.S. 1063

1  (2004)). Therefore, plaintiff's due process claims concerning defendants O'Brian and Kernan are
2  not cognizable and should be dismissed.
3       Plaintiff also claims that defendant Peterson issued the false rule violation report
4  in retaliation for plaintiff's grievances filed against correctional officers and staff at High Desert
5  State Prison for allegedly threatening to kill plaintiff or have him killed. Plaintiff alleges that
6  when he was transferred to CSP-Sacramento, defendant Peterson had access to plaintiff's
7  administrative segregation file which showed that plaintiff had been charged with indecent
8  exposure at High Desert State Prison. Plaintiff alleges that defendant Peterson conspired to
9  continue the same pattern of issuing false rule violations by charging plaintiff with indecent
10 exposure as was done at High Desert. Plaintiff claims that as a result of the retaliation, he has
11 suffered great physical, emotional, and psychological pain. These bare allegations are
12 insufficient for the reasons set forth below and the court will dismiss the retaliation claim and
13 grant plaintiff leave to file a fourth amended complaint.
14       In this regard, plaintiff is advised that to support a claim of retaliation under
15 § 1983, a prisoner must allege that (1) prison officials retaliated against him for exercising his
16 constitutional rights, and (2) the retaliatory action does not advance legitimate goals of the
17 correctional institution or is not narrowly tailored to achieve those goals. See Rizzo v. Dawson,
18 778 F.2d 527, 532 (9th Cir. 1985). A prisoner must also allege facts that would establish that the
19 protected conduct was a substantial or motivating factor for the alleged retaliatory acts. See Mt.
20 Healthy City Board of Ed. v. Doyle, 429 U.S. 274, 285-87 (1977). Bare allegations are
21 insufficient to avoid summary dismissal of a retaliation claim. See Rizzo, 778 F.2d at 532, n.4;
22 see also Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Therefore, in the fourth amended
23 complaint, plaintiff must provide additional details regarding the administrative grievances or
24 lawsuits which were the protected activity plaintiff was engaged in and which triggered the
25 retaliatory action. Plaintiff must also provide allegations as to how each defendant was aware of
26 /////

the protected activity.  Finally, plaintiff should clarify whether he is alleging that he had no interaction or conversation with defendant Peterson on June 10, 2004.

        In his final claim, plaintiff alleges that there was a conspiracy between prison officials at High Desert State Prison and defendants at CSP-Sacramento "to deny plaintiff the equal protection of law to be free from retaliatory acts and cruel and unusual punishment by falsefying [sic] disciplinary and incident reports and in violation of plaintiff['s] [F]irst Amendment [rights].  (Fourth Am. Compl., Attach. ¶ 31.)  Plaintiff also alleges another conspiracy between defendants O'Brian and Kernan to cover-up defendant Peterson's misconduct by failing to process plaintiff's inmate grievance.  (Id. at ¶ 36.)  Plaintiff is advised that in order to state a conspiracy claim under § 1983, a plaintiff must allege some deprivation of a constitutional right which resulted from the alleged conspiracy.  See Woodrum v. Woodward County, Okla., 866 F.2d 1121, 1126 (9th Cir. 1989).  Moreover, "[a] conspiracy occurs only when the parties have reached 'a unity of purpose or a common design and understanding, or a meeting of minds in an unlawful arrangement.'"  William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 668 F.2d 1014, 1055 (9th Cir. 1981) (quoting American Tobacco Co. v. United States, 328 U.S. 781, 809-10 (1946)).  Thus, in his fourth amended complaint, plaintiff must provide allegations that would show that there was an agreement by the defendants and officers at High Desert State Prison as well as an agreement between defendants O'Brian and Kernan to violate plaintiff's constitutional rights.  See Woodrum, 866 at 1126; Fonda v. Gray, 707 F.2d 435, 438 (9th Cir. 1983).  Plaintiff must also provide further details regarding about the specific inmate grievance or lawsuit which allegedly motivated the conspirators.

        The court notes that plaintiff has named Capt. S.J. Vance as a defendant in the caption of the second amended complaint but has made no factual allegations concerning this defendant.  In his fourth amended complaint, plaintiff must allege in specific terms how each named defendant is involved in the alleged violation of his constitutional rights.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a

1  defendant's actions and the claimed deprivation. Rizzo, 423 U.S. 362; May v. Enomoto, 633

2  F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

3  Furthermore, vague and conclusory allegations of official participation in civil rights violations

4  are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

5          On April 27, 2005, plaintiff filed a motion for a temporary restraining order and/or

6  preliminary injunction seeking to prohibit correctional officers, the warden, the Director of the

7  California Department of Corrections, and attorneys from refusing to process his administrative

8  grievances. Plaintiff's provides a lengthy statement about how he has been hindered in pursuing

9  numerous administrative complaints. These complaints alleged that defendant Peterson and

10  other correctional staff issued false reports about plaintiff, that appeals officers' refused to

11  process his grievances, that medical staff conspired to deprive plaintiff of his medication, that

12  appeals officers mis-classified plaintiff's staff complaints as disciplinary or living-conditions

13  complaints, that correctional officers instigated hostility between plaintiff and other inmates, and

14  that mental health officials conspired to have plaintiff transferred to a mental hospital. Plaintiff

15  seeks to prohibit further interference with his access to the courts, to prohibit harassment and

16  retaliation, to keep defendant Peterson and officer Rowe a hundred yards away from him, and to

17  prohibit searches of plaintiff's cell unless he is present and the search is supervised by a

18  correctional sergeant or lieutenant. Plaintiff also claims that he has been removed from single-

19  cell status and that he has been informed that he may be transferred to the care of the Department

20  of Mental Health.[2] Plaintiff seeks restoration of his single-cell status and an order prohibiting his

21  transfer. Plaintiff argues that he has a constitutional right to have his grievances processed so

22  that he can exhaust his administrative remedies before proceeding to court. At the same time,

---

[2] Plaintiff is advised that his fourth amended complaint must be limited to the claims specified in this order. Claims and allegations concerning the removal of his single-cell status and transfer are not to be included in the fourth amended complaint because the housing changes occurred after this action was filed. See Mot. for Injunction at 12 (representing that plaintiff's single-cell status was terminated on December 8, 2004).

plaintiff indicates that he was able to file complaints in state court with respect to several of these incidents.

        The legal principles applicable to a request for injunctive relief are well established. To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376. "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Id. In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. Id.

        It is well-settled that "[p]risoners have a constitutional right of access to the courts guaranteed by the Fourteenth Amendment." Bounds v. Smith, 430 U.S. 817, 821 (1977). However, an inmate alleging a violation of Bounds must demonstrate an actual injury to court access. Lewis v. Casey, 518 U.S. 343, 349 (1996). The "actual injury" requirement pertains even where a prisoner complains of an inadequate law library or inadequate assistance from persons trained in the law. Id. To demonstrate "actual injury," plaintiff must show that he "could not present a claim to the courts because of the state's failure to fulfill its constitutional obligations." Allen v. Sakai, 48 F.3d 1082, 1091 (9th Cir. 1995). Here, plaintiff has stated that he was able to filed complaints with the state courts when his administrative appeals were allegedly not processed. Plaintiff has failed to demonstrate actual injury; therefore, his request for injunctive relief concerning his complaints and grievances should be denied. In addition, plaintiff has not demonstrated a likelihood of success on the merits. As indicated above, "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d at 860.

As to plaintiff's request for a court order restoring his single cell status and prohibiting his transfer, the motion should also be denied. Prison inmates do not have a constitutional right to be incarcerated at a particular correctional facility or to be transferred from one facility to another. See Meachum v. Fano, 427 U.S. 215, 224-25 (1976). In addition, a prisoner has no constitutional right to a particular classification status. Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987). Therefore, plaintiff has not demonstrated a likelihood of success on the merits of his claim in this regard.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's third amended complaint, filed on April 27, 2005, is dismissed with leave to file a fourth amended complaint to clarify plaintiff's retaliation and conspiracy claims;

2. Plaintiff is granted thirty days from the date of service of this order to file a fourth amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; plaintiff shall use the form complaint provided by the court; the fourth amended complaint must bear the docket number assigned this case and must be labeled "Fourth Amended Complaint"; plaintiff must file an original and two copies of the fourth amended complaint; failure to file a fourth amended complaint in accordance with this order will result in a recommendation that this action be dismissed; and

3. The Clerk of the Court is directed to provide plaintiff with the court's form complaint for a § 1983 action.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's due process, defamation, slander, and libel claims be dismissed; and

2. Plaintiff's April 27, 2005 motion for temporary restraining order and preliminary injunction be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty

days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 27, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
reed1822.amd4