IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALONZO REED,

    Plaintiff,                      No. CIV S-04-1822 LKK DAD P

    vs.

S. PETERSON, et al.,             ORDER AND

    Defendants.            FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se and with a civil rights action pursuant to 42 U.S.C. §§ 1983, 1985 and 1986. Before the court is plaintiff's application to proceed in forma pauperis filed on October 14, 2004, and his fourth amended complaint filed on June 28, 2005.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

I. Procedural History

        In his initial complaint, plaintiff alleged a due process claim against a single defendant, correctional officer Peterson. In this regard, plaintiff alleged that in June of 2004, defendant Peterson issued a false rule violation report charging plaintiff with indecent exposure,

1

and that the rule violation charge was subsequently dismissed at an administrative hearing. By order filed on September 21, 2004, plaintiff was informed that "[f]alse accusations of misconduct filed against an inmate do not constitute a deprivation of constitutional rights where the charges are subsequently adjudicated in a fair hearing." (Order, filed 9-21-04, at 3 (citing Cale v. Johnson, 861 F.2d 943, 953 (6th Cir. 1988) and Allen v. Crandel, No. C 95-0673 VRW, 1995 WL 392525, at *2 (N.D. Cal. June 28, 1995).) Nevertheless, the court granted plaintiff leave to file an amended complaint to clarify his claim and to identify the procedural protections that he was allegedly denied, if any. Subsequently, plaintiff filed an amended complaint on October 7, 2004, a second amended complaint on March 2, 2005, and a third amended complaint on April 27, 2005. The court deemed the third amended complaint as the operative pleading and cautioned plaintiff that he must seek leave of court to file any further amended complaints. (See Order and Findings and Recommendations, filed 5-31-05.)

In his third amended complaint, plaintiff alleged that his rights under the Eighth, Ninth, and Fourteenth Amendments were violated by defendants Peterson, O'Brian, Kernan, and Vance[1]. The court dismissed plaintiff's due process claim, which alleged violation of state regulations prohibiting unethical conduct by state employees, and plaintiff's defamation, libel, and slander claims involving defendant Peterson.[2] Plaintiff was granted leave to file a fourth amended complaint in order to provide further allegations with respect to his retaliation claim concerning the false rule violation, his conspiracy claims involving prison officials at High Desert State Prison and defendants at California State Prison-Sacramento (CSP-Sacramento), and the alleged conspiracy between defendants O'Brian and Kernan to cover-up defendant Peterson's misconduct.

---

[1] The court noted in the May 31, 2005 order and findings and recommendations, that plaintiff had failed to provide any allegations concerning defendant Capt. Vance.

[2] These claims were dismissed on August 15, 2005. On August 26, 2005, plaintiff filed a notice of appeal. The U.S. Court of Appeals for the Ninth Circuit dismissed the appeal on March 1, 2006 due to plaintiff's failure to pay the docketing/filing fees.

1    In his fourth amended complaint now before the court, plaintiff names as
2 defendants correctional officer Peterson, warden Kernan, appeals coordinator O'Brian, inmate
3 appeals officer Grannis, and correctional officer Phelps, who are employed at CSP-Sacramento,
4 as well as, correctional officers Buckingham and Dunk who are employed at High Desert State
5 Prison.  Plaintiff sets forth four claims for relief.
6 II.  Legal Standards for Screening
7    Plaintiff was advised in the court's September 21, 2004 order and May 31, 2005
8 order and findings and recommendations requirement that the court screen complaints brought by
9 prisoners seeking relief against a governmental entity or officer or employee of a governmental
10 entity. 28 U.S.C. § 1915A(a).  In this regard, the court must dismiss a complaint or portion
11 thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state
12 a claim upon which relief may be granted, or that seek monetary relief from a defendant who is
13 immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
14    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
15 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
16 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
17 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
18 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
19 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
20 Cir. 1989); Franklin, 745 F.2d at 1227.
21    A complaint, or portion thereof, should only be dismissed for failure to state a
22 claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
23 of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &
24 Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
25 v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
26 complaint under this standard, the court must accept as true the allegations of the complaint in

question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

III. Analysis

Plaintiff's claims originate from the issuance of a rule violation report by defendant correctional officer Peterson on June 10, 2004, charging plaintiff with indecent exposure. (Compl[3]., filed 8-31-04, Ex. A "Rule Violation Report" (Log No. A/S-04-06-015)). Defendant Peterson noted that plaintiff had five prior rule violations for the same offense. (Id.) The rule violation report in question indicated that the incident occurred in the segregated housing unit at approximately 0700 hours on June 10, 2004, the first day plaintiff arrived at CSP-Sacramento from High Desert State Prison. Upon arrival at CSP-Sacramento, plaintiff was placed in administrative segregation because he was "considered a threat to the safety and security of the institution and cannot safely be housed in the general population." (Compl., Ex. A "Administrative Segregation Unit Placement Notice," dated June 10, 2004.) The administrative segregation unit placement notice also recorded that plaintiff was served a copy of the notice at 1600 hours.

At the disciplinary hearing held on July 20, 2004, plaintiff pled "not guilty," stating, "It wasn't me." (Compl., Ex. A "Rule Violation Report" (Log No. A/S-04-06-015) at 2.) Plaintiff argued that because he was served a copy of the administrative segregation notice at 1600 hours, he was in "R&R," not in administrative segregation at the time of the alleged incident. (Id.) The hearing officer dismissed the rule violation in the interest of justice. (Id.)

A. First Cause of Action - Violation of Civil Rights 42 U.S.C. § 1983

In paragraphs 33 and 34 of his fourth amended complaint, plaintiff alleges as follows:

---

[3] Court document number 1.

4

> Plaintiff's right to access of court was impaired by Defendants directly and indirectly when they in retaliation knowingly and intetitionally [sic] failed and/or refused to follow the rules and regulations governing plaintiff's appeals and processing inmates appeals. As a result of this misconduct, plaintiff has suffered actual injuries and denied [sic] his constitutional right to Petition the courts for redress and a reasonable right of access to the court.
>
> As a result of the retaliatory acts by all defendants, plaintiff has suffered great physical, emotional, and psychological pain.

(Fourth Am. Compl. at 9.) The court construes plaintiff's first cause of action as presenting both a Fourteenth Amendment access to court claim and a First Amendment retaliation claim.

Plaintiff was advised of the legal standards governing the claimed denial of the right to access to court in the court's May 31, 2005 order and findings and recommendations. (Order & Findings and Recommendations, filed 5-31-05, at 7.) Plaintiff was advised that he must allege facts demonstrating that he suffered an actual injury to court access. Lewis v. Casey, 518 U.S. 343, 349 (1996). Plaintiff has again failed to so do. Plaintiff's allegations, instead, concern only the manner in which his inmate grievances have been processed. Plaintiff contends that defendants O'Brian and Kernan processed his complaint about defendant Peterson as a "'disciplinary' and 'living conditions' issue." (Id. at 8.) As the court noted in the May order and findings and recommendations, there is no constitutional right to a specific grievance procedure. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003). Accordingly, plaintiff's access to court claim should be dismissed for failure to state a cognizable claim.

As to his retaliation claim, plaintiff contends that defendant Peterson, who is employed at CSP-Sacramento, issued a false rule violation report because plaintiff filed grievances against officers and staff at High Desert State Prison contending that they are racist and "neo-Nazi white officers." (Id. at 6-7.) In Rhodes v. Robinson, 408 F.3d 559 (9th Cir. 2005), the court identified the five basic elements for a retaliation claim as follows:

> (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First

5

Amendment rights, and (5) the action did not reasonably advance a
legitimate correctional goal.

408 F.3d at 567-68.  The court finds that plaintiff has failed to sufficiently allege a causal link between his grievance activities and the adverse action allegedly taken against him.  Plaintiff provides only a broad assertion that the rule violation charge in question was false and retaliatory.  However, the fact that the hearing officer dismissed the rule violation charge in the interest of justice and without a hearing on the merits, is insufficient to establish a retaliatory purpose.  See Mt. Healthy City Board of Ed. v. Doyle, 429 U.S. 274, 285-87 (1977) (holding that a prisoner must establish that the protected conduct was a substantial or motivating factor for the alleged retaliatory acts).  In addition, plaintiff fails to allege facts demonstrating that the exercise of his First Amendment rights have been chilled.  Plaintiff continued to file administrative grievances after the issuance of the rule violation report, including a grievance against defendant Peterson, and another grievance against defendants O'Brian and Kernan for the way in which they processed plaintiff's grievance concerning defendant Peterson.  Accordingly, the court will recommend that plaintiff's retaliation claim be dismissed for failure to state a cognizable claim.

      B.  Second Cause of Action - Supervisorial Liability

In this cause of action, plaintiff claims that supervisorial defendants failed to prevent the deprivation of his federally protected rights in the following ways:

    i.  toleration and/or implicit condonation of false report writing regarding incidents such as the subject incident;

    ii. Failure to conscientously [sic] and completely [sic] hire, screen[,] train, monitor, supervise, refrain [sic], disciplinary, and, where necessary, terminate its deputies and employess [sic];

    iii. tolerate of a "code of silence" among its officers and employees whereby they refrain from testifying about and reporting misconduct of fellow officers/employees in order to protect individual officers and employees and avoid criminal, civil and administrative conseqences [sic] for the individual and respective state entities;

/////

6

       iv. toleration of animosity by officers towards persons based upon the person's ethnicity and religious beliefs;

       v. failure to adequately screen, hire, train, retrain, monitor, supervise and discipline officers so as to ensure a reverence and respect for the rights of persons with whom the officers are likely to come in contact, including, but not limited to, correcting the problems items in paragrah [sic]

       vi. Failure to conduct thorough, fair and adequate administrative investigations of incidents so as to ensure the observation of inmates rights, correct intentional and/or negligent misconduct and/or correct bad decision making, judgement and/or tactics,

       vii. Failure to comply with administrative rules designed to ensure thorough, fair and adequate administrative investigations and comply with the requirement of state law.

(Fourth Am. Compl., at 10-11.) The only supervisorial defendant named in plaintiff's fourth amended complaint is Scott Kernan, the warden at CSP-Sacramento. Plaintiff was advised in the court's September 21, 2004 order that he must allege in specific terms how each defendant is involved in the alleged denial of his constitutional rights. The only factual allegations concerning defendant Kernan are broad statements that he conspired to retaliate against plaintiff and deprived plaintiff of procedural due process and equal protection. (Id. at 8.) Such allegations are insufficient to support plaintiff's second cause of action. Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Therefore, the court will recommend that plaintiff's second cause of action be dismissed for failure to state a cognizable claim.

//////

/////

C.  Third Cause of Action - Violation of 42 U.S.C. § 1985(2)

In paragraphs 39 and 40 of his fourth amended complaint, plaintiff alleges that:

> Plaintiff is informed and believes and thereon alleges that on or about June 10, 2004, and prior and subsequent thereto, individual defendant correctional officer's and their supervisors and/or other prison staff, and two or more of them, in the state of California, by reason of defendants [sic] animus [sic] minorities and Muslims including Plaintiff who is a black male, and invidious animus of same, conspired together to act and/or fail to act as herein before alleged, for the purpose of (I) impeding, hindering, obstructing, and defeating the due course of justice in the State of California and the county of Sacramento, (ii) to deny equal protection of laws plaintiff [sic], (iii) to subject plaintiff to cruel and inhuman punishment court access [sic].
>
> Defendant and each of them, purposefully, under color of law, planned and conspired to deny plaintiff equal protection of the laws in the following respects:
> (I) by denying Plaintiff meaning [sic] access to the court;
> (ii) by denying Plaintiff his due process right and procedural due process rights, to the right of life, property or liberty.

(Fourth Am. Compl., at 12.)  The court construes this claim as alleging a violation of the second clause of 42 U.S.C. § 1985(2) which provides a cause of action:

> . . . if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws[.]

This clause applies to conspiracies to obstruct justice in state court proceedings and requires that the conspirators' actions be motivated by an animus towards a protected class.[4]  See Kush v. Rutledge, 460 U.S. 719, 725 (1983); Portman v. County of Santa Clara, 995 F.2d 898, 909 (9th Cir. 1993); Brown v. First Nat. Bank in Libby, 872 F.2d 426, at *3 (9th Cir. 1989) (noting that section 1985(2) "prohibits any conspiracy to impede justice in a state court."); Bretz v. Kelman,

---

[4]  The first part of § 1985(2) pertains to conspiracies to obstruct justice in federal court proceedings, and requires a plaintiff to allege facts demonstrating that the conspiracy hampered his ability to present an effective case in federal court.  See Rutledge v. Arizona Bd. of Regents, 859 F.2d 732, 735 (9th Cir. 1988)

8

773 F.2d 1026, 1029 (9th Cir. 1985) ("It is consistent with the sponsors of the 1871 bill to limit the reach of the second clause of § 1985(2) because the clause deals with the state courts, rather than with matters traditionally within federal authority."). Plaintiff has failed to provide sufficient factual allegations demonstrating that he has a cause of action under § 1985(2). There are no allegations that plaintiff was impeded from pursuing a state court action. In addition, plaintiff makes only a conclusory allegation that he suffered as a result of racial or religion-based discriminatory animus on the part of the defendants. The court finds that plaintiff has failed to state a cognizable claim under § 1985(2).

    D.   Fourth Cause of Action - Violation of 42 U.S.C. § 1986

"[A] cause of action is not provided under 42 U.S.C. § 1986 absent a valid claim for relief under section 1985." Trerice v. Pedersen, 769 F.2d 1398, 1403 (9th Cir. 1985). In light of the court's determination that plaintiff has failed to state a cognizable claim under § 1985, plaintiff's fourth cause of action should also be dismissed.

IV.   Motions to File Supplemental Complaint

    On July 27, 2005 and August 5, 2005, plaintiff filed motions for leave to supplement his fourth amended complaint. In his July motion, plaintiff seeks to add a new retaliation claim concerning the revocation of his single-cell status and to also add fourteen new defendants. In plaintiff's August motion, he seeks to add retaliation and conspiracy claims concerning the processing and classification of his inmate grievances. Plaintiff also seeks to add eight new defendants not named in either his fourth amended complaint or the July motion. As a general proposition, the Local Rules of this court require that an action proceed on a pleading that is complete in itself without reference to prior pleadings. See Local Rule 15-220. Supplementation of the operative complaint is disfavored because of the undue risk of piecemeal litigation that precludes orderly resolution of cognizable claims. Since the operative complaint is being dismissed and plaintiff has enjoyed several opportunities to amend his complaint, plaintiff's motions will be denied. In addition, the court notes that the claims plaintiff seeks to

add, arose after this action was commenced and appear to involve new and discrete facts and issues which plaintiff should pursue in a new civil rights action.

On September 28, 2005, plaintiff filed a motion for the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's motion for the appointment of counsel will therefore be denied.

Given the numerous fatal deficiencies discussed above and in the court's prior orders twice dismissing plaintiff's complaints and granting leave to amend, it appears clear that plaintiff cannot cure those defects and that granting further leave to amend would be futile. See Reddy v. Litton Industries, Inc., 912 F.2d 291, 296 (9th Cir. 1990); Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987). Accordingly, it will be recommended that this action be dismissed with prejudice.

On January 3, 2006, plaintiff filed a letter titled, "Order Compeling[sic] Defendant Scott Kernan To Return Plaintiff's Legal Materials." Plaintiff seeks an order compelling defendant Warden Kernan to return eight boxes of plaintiff's legal materials in order for plaintiff to comply with the court's orders. The request will be denied. There are no pending orders in this case requiring plaintiff to submit a response or pleading by a specific deadline. In addition, any request that this court issue an order must be made by formal motion. See Fed. R. Civ. P. 7(b).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $150.00 for this action.

The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith;

3. Plaintiff's July 27, 2005 motion for leave to supplement the fourth amended complaint is denied;

4. Plaintiff's August 5, 2005 motion for leave to supplement the fourth amended complaint is denied; and

5. Plaintiff's January 3, 2006 request for an order compelling the return of his legal materials, is denied.

IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice due to plaintiff's failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 26, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
reed1822.57